UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SETH ADAM DEPIANO,<br><br>Defendant. | No. 1:17-cr-00172-DAD-BAM<br><br><br><br>ORDER |

On May 29, 2018, following his pleas of guilty to charges of mail fraud, wire fraud, and money laundering, defendant Depiano was sentenced to the custody of the U.S. Bureau of Prisons for a total term of 151 months with a 36-month term of supervised release to follow, penalty assessments totaling $300, and to pay restitution to the victims of his offenses in the total amount of $19,659,357.44. (Doc. No. 37.) Restitution was ordered in a specific amount as to each of the defendant's identified victims, the defendant being ordered to pay victim David O'Hanneson $468,965.31. (*Id.* at 6.)

In a letter dated August 26, 2018 and received by the court, Mr. O'Hanneson requested reconsideration of the court's restitution order and apparently sought a restitution amount of just

/////

/////

/////

1

under $3,000,000.[1]  The court forwarded the letter to both the United States Attorney's Office and the U.S. Probation Office.  On September 5, 2018, an Assistant U.S. Attorney responded to Mr. O'Hanneson's request for reconsideration of the restitution amount designated as due to him. (Doc. No. 41.)  Below, the court will address the request for reconsideration.

The Mandatory Victim Restitution Act ("MVRA"):

> provides restitution, *inter alia*, to victims of offenses against property, "including any offense committed by fraud or deceit." 18 U.S.C. § 3663A(c)(1)(A)(ii).  Under the MVRA, "the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant."  18 U.S.C. § 3664(f)(1)(A).  Moreover, the alternative availability of recovery through a civil lawsuit is irrelevant in determining restitution under the MVRA.  *See* 18 U.S.C. § 3664(f)(1)(B) ("In no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution."); *see also United States v. Cienfuegos*, 462 F.3d 1160, 1168 (9th Cir. 2006) ("under the MVRA the availability of a civil suit can no longer be considered by the district court in deciding the amount of restitution").

*In re Morning Star Packing Co., LP*, 711 F.3d 1142, 1143 (9th Cir. 2013).

The MVRA defines a victim as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered."  *United States v. Anderson*, 741 F.3d 938, 951 (9th Cir. 2013) (quoting *United States v. Yeung*, 672 F.3d 594, 600 (9th Cir. 2012)); *see also United States v. Reifler*, 446 F.3d 65, 135 (2nd Cir. 2006) ("At bottom, the notion of proximate cause reflects ideas of what justice demands, or of what is administratively possible and convenient. . ..  The requirement that the harm have been directly caused doubtless reflects the same interest in efficiency, because the less direct an injury is, the more difficult it becomes to ascertain the amount of a plaintiff's damages attributable to the violation") (quotation marks omitted).  Thus, "'[b]ut for' cause is insufficient."  *United States v. Swor*, 728 F.3d 971, 974 (9th Cir. 2013).

---

[1] Because Mr. O'Hanneson's letter contains what the court believes to be sensitive personal information, it has not been filed on the court's docket.  If Mr. O'Hanneson's wishes it to be filed on the public docket or to be filed under seal, he is directed to make that request in writing within twenty-eight days of the date of this order.  The court will provide Mr. O'Hanneson's address to the Clerk of the Court for purposes of service of this order on Mr. O'Hanneson, but will not reflect that address on the docket.

| | |
|---|---|
| 1 | Thus "a court may award restitution under the MVRA only for loss that flows directly |
| 2 | from 'the specific conduct that is the basis of the offense of conviction.'" *United States v. May*, |
| 3 | 706 F.3d 1209, 1214 (9th Cir. 2013) (quoting *United States v. Gamma Tech Indus., Inc.*, 265 F.3d |
| 4 | 917, 927 (9th Cir. 2001)); *see also United States v. Archer*, 671 F.3d 149, 170 (2nd Cir. 2011) |
| 5 | (seeking restitution for losses caused by an unprosecuted offense rather than by the offense of |
| 6 | conviction is something the government "may not do"). Moreover, the amount of restitution that |
| 7 | may be ordered is limited "by the victim's actual loss." *United States v. Bussell*, 504 F.3d 956, |
| 8 | 964 (9th Cir. 2007); *see also United States v. Fair*, 699 F.3d 508, 514 (D.C. Cir. 2012) ("The |
| 9 | MVRA demands that restitution be awarded only for the victim's actual, provable loss . . ."); |
| 10 | *United States v. Innarelli*, 524 F.3d 286, 294 (1st Cir. 2008) ("This is necessarily a backward- |
| 11 | looking inquiry that takes into account what actually happened, including whether the victim |
| 12 | managed to recover some or all of the value it originally lost."). "Accordingly, 'the district court |
| 13 | may not order restitution to reflect Defendants' ill-gotten gains.'" *Anderson*, 741 F.3d at 951 |
| 14 | (quoiting *United States v. Fu Sheng Kuo*, 620 F.3d 1158, 1165–66 (9th Cir. 2010)). |
| 15 | Although the MVRA grants district courts "a degree of flexibility in accounting for a |
| 16 | victim's complete loses," the court may "utilize only evidence that possesses 'sufficient indicia of |
| 17 | reliability to support its probable accuracy." *United States v. Waknine*, 543 F.3d 546, 557 (9th |
| 18 | Cir. 2008) (quoting *United States v. Garcia-Sanchez*, 189 F.3d 1143, 1148–49 (9th Cir. 1999)). |
| 19 | "The government has the burden of proving the amount of the loss by a preponderance of the |
| 20 | evidence." *Anderson*, 741 F.3d at 951.[2] Finally, Congress "hoped to avoid creating a system that |
| 21 | would, essentially, turn sentencing hearings into complicated, prolonged trials of the normal civil |
| 22 | variety." *United States v. Gordon*, 393 F.3d 1044, 1060 (9th Cir. 2004) (Fernandez, J., |
| 23 | concurring and dissenting); *see also United States v. Kones*, 77 F.3d 66, 69 (3rd Cir. 1996) ("[I]t |
| 24 | was expected that entitlement to restitution could be readily determined by the sentencing judge |
| 25 | based upon the evidence he had heard during the trial of the criminal case or learned in the course |
| 26 | of determining whether to accept a plea and what an appropriate sentence would be."); S. REP. |

---

[2] That burden, however, may be carried by a non-party. *See United States v. Tsosie*, 639 F.3d 1213, 1221 (9th Cir. 2011).

NO. 104-179, at *19 (1996), reprinted in 1996 U.S.C.C.A.N. 924, 931-32 ("In all cases, it is the committee's intent that highly complex issues related to the cause or amount of a victim's loss not be resolved under the provisions of mandatory restitution. The committee believes that losses in which the amount of the victim's losses are speculative, or in which the victim's loss is not clearly causally linked to the offense, should not be subject to mandatory restitution.").

Here, for the reasons identified in the prosecutor's letter to the court (Doc. No. 41), neither the government nor Mr. O'Hanneson on his own behalf has satisfied their burden of establishing that Mr. O'Hanneson is entitled to more than $468,965.31 in restitution for his actual, compensable losses flowing directly from defendant Depiano's specific conduct that served as the basis of the offenses of his conviction. Nor have they satisfied their burden of establishing that the expenses claimed by Mr. O'Hanneson were incurred in direct relation to the government's investigation and prosecution of this case. *See Lagos v. United States*, __U.S. __, __, 138 S. Ct. 1684, 1688–90 (2018). Accordingly, Mr. O'Hanneson's request for reconsideration of his restitution award is denied.

IT IS SO ORDERED.

Dated: **October 12, 2018**

_____
UNITED STATES DISTRICT JUDGE